**Wacks & Hartmann, LLC**
Attorneys at Law
55 Madison Avenue, Suite 320A
Morristown, NJ 07960-7397
Telephone:  (973) 644-0770
Attorneys for Plaintiffs, Robert Kahn, Silvana
Seraji, Robert H. Gardner Jr., Robert H.
Gardner Sr., Kyle Koch, Bradley Williams,
and all others similarly situated

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ROBERT KAHN, an individual; SILVANA SERAJI, an individual; ROBERT H. GARDNER JR., an individual; ROBERT H. GARDNER SR., an individual; KYLE KOCH, an individual; BRADLEY WILLIAMS, an individual; on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | Civil Action No. _____ |
| vs. | |
| PALISADES COLLECTION, LLC, a Delaware Limited Liability Company; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25, BEING FICTITIOUS NAMES OF UNIDENTIFIED PERSONS WHO CONTROL THE POLICIES AND PRACTICES INVOKED BY PALISADES COLLECTION, LLC, | **CLASS ACTION COMPLAINT** **and** **DEMAND FOR JURY TRIAL** |
| Defendants. | |

pds1361

Plaintiffs, ROBERT KAHN ("KAHN"), SILVANA SERAJI ("SERAJI"), ROBERT H. GARDNER JR. ("GARDNER JR."), ROBERT H. GARDNER SR. ("GARDNER SR."), KYLE KOCH ("KOCH"), and BRADLEY WILLIAMS ("WILLIAMS"), on behalf of themselves and all others similarly situated, by way of Complaint against the Defendants, say:

## I. PARTIES

1.      KAHN is a natural person who, at all times relevant to this complaint, resided in the Township of Union, Union County, New Jersey.

2.      SERAJI is a natural person who, at all times relevant to this complaint, resided in the Borough of Sayreville, Middlesex County, New Jersey.

3.      GARDNER JR. is a natural person who, at all times relevant to this complaint, resided in the City of Phoenix, Maricopa County, Arizona.

4.      GARDNER SR. is a natural person who, at all times relevant to this complaint, resided in the City of Phoenix, Maricopa County, Arizona.

5.      KOCH is a natural person who, at all times relevant to this complaint, resided in the Township of Pattersonville, Franklin County, New York.

6.      WILLIAMS is a natural person who, at all times relevant to this complaint, resided in the Town of Pendleton, Northampton County, North Carolina.

pds1361

7.     At all times relevant to this complaint, PALISADES COLLECTION, LLC ("PALISADES") is a for-profit limited liability company existing pursuant to the laws of the State of Delaware. PALISADES maintains its principal business address at 210 Sylvan Avenue, Borough of Englewood Cliffs, Bergen County, New Jersey.

8.     Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiffs. Plaintiffs will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

## II.  JURISDICTION & VENUE

9.     With respect to Plaintiffs' claims under the FDCPA, jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10.     With respect to Plaintiffs' claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiffs seek up to $1,500.00 in damages for each telephone call in violation of the TCPA, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000.00 threshold required for federal court jurisdiction. Additionally, Plaintiffs have alleged a national class, which will result in at least one class member belonging to a different state.  Therefore, both elements of diversity jurisdiction under the Class

pds1361

Action Fairness Act of 2005 are present, and this Court has jurisdiction.

11.    Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

12.    Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiffs' claims occurred within this federal judicial district, and because all the Defendants reside in the State of New Jersey within the meaning of 28 U.S.C. § 1391(b) and (c) by, in the case of the individual Defendants, maintaining a residence in the State of New Jersey or, in the case of the corporate Defendants, being subject to personal jurisdiction in the State of New Jersey at the time this action is commenced.

### III.  PRELIMINARY STATEMENT

13.    Plaintiffs, on their own behalf and on behalf of the class they seek to represent, and demanding a trial by jury, bring this action for the illegal practices of the Defendants who used false, deceptive and misleading practices, and other illegal practices, in connection with their attempts to collect alleged debts from the Plaintiffs and others. The Plaintiffs allege that the Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").

14.    Such practices include, *inter alia*:

(a)    Leaving telephonic voice messages for consumers, which fail to

provide meaningful disclosure of Defendants' identity;

(b)    Leaving telephonic voice messages for consumers, which fail to disclose that the call is from a debt collector; and

(c)    Leaving telephonic voice messages for consumers, which fail to disclose the purpose or nature of the communication (i.e. an attempt to collect a debt).

15.    The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

16.    The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Third Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Graziano v. Harrison,* 950

pds1361

F.2d 107, 111, fn5 (3d Cir. 1991).

17.     To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain *per se* violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(1)-(6). Among the *per se* violations is the placement of telephone calls without meaningful disclosure of the caller's identity, 15 U.S.C. § 1692d(6).

18.     To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent oral communications with consumers that the communication is from a debt collector, 15 U.S.C. § 1692e(11).

19.     Additionally, WILLIAMS, on his own behalf and on behalf of the class he seeks to represent, and demanding a trial by jury, also brings this action for the illegal practices of the Defendants who negligently, knowingly, and/or willfully contacted WILLIAMS on his cellular telephone in violation of the TCPA

pds1361

20.     The Plaintiffs, on behalf of themselves and all others similarly situated, seek statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA, TCPA, and all other common law or statutory regimes. The Plaintiffs, on behalf of themselves and all others similarly situated, request that they and the class members be awarded statutory, common law, or actual damages payable by the Defendants.

## IV.  FACTS REGARDING KAHN

21.     Sometime prior to September 2008, KAHN allegedly incurred a financial obligation arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes and defaulted on that obligation ("Kahn Obligation").

22.     The alleged Kahn Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

23.     KAHN is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

24.     KAHN is informed and believes, and on that basis alleges, that sometime prior to September 2008, the creditor of the Kahn Obligation either

pds1361

directly or through intermediate transactions assigned, placed, transferred, or sold the debt to PALISADES for collection.

## V.  FACTS REGARDING SERAJI

25.     Sometime prior to June 2008, SERAJI allegedly incurred a financial obligation arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes and defaulted on that obligation ("Seraji Obligation").

26.     The alleged Seraji Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

27.     SERAJI is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

28.     SERAJI is informed and believes, and on that basis alleges, that sometime prior to June 2008, the creditor of the Seraji Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to PALISADES for collection.

## VI.  FACTS REGARDING GARDNER JR.

29.     GARDNER JR. is informed and believes, and on that basis alleges, that sometime prior to October 2007 he allegedly incurred a financial obligation arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or

pds1361

Page 8 of 30

household purposes and defaulted on that obligation ("Gardner Jr. Obligation").

30.    The alleged Gardner Jr. Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

31.    GARDNER JR. is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

32.    GARDNER JR. is informed and believes, and on that basis alleges, that sometime prior to October 2007, the creditor of the Gardner Jr. Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to PALISADES for collection.

## VII.  FACTS REGARDING GARDNER SR.

33.    GARDNER SR. is informed and believes, and on that basis alleges, that sometime prior to October 2007 he allegedly incurred a financial obligation arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes and defaulted on that obligation ("Gardner Sr. Obligation").

34.    The alleged Gardner Sr. Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

35.    GARDNER SR. is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

pds1361

36.    GARDNER SR. is informed and believes, and on that basis alleges, that sometime prior to October 2007, the creditor of the Gardner Sr. Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to PALISADES for collection.

## VIII.  FACTS REGARDING KOCH

37.    Sometime prior to December 2007, KOCH allegedly incurred a financial obligation arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes and defaulted on that obligation ("Koch Obligation").

38.    The alleged Koch Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

39.    KOCH is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

40.    KOCH is informed and believes, and on that basis alleges, that sometime prior to December 2007, the creditor of the Koch Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to PALISADES for collection.

pds1361

## IX.  FACTS REGARDING WILLIAMS

41.    Sometime prior to July 2008, WILLIAMS allegedly incurred a financial obligation arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes and defaulted on that obligation ("Williams Obligation").

42.    The alleged Williams Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

43.    WILLIAMS is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

44.    At all times relevant to this complaint, WILLIAMS is a "person" as defined by 47 U.S.C. § 153(32).

45.    WILLIAMS is informed and believes, and on that basis alleges, that sometime prior to July 2008, the creditor of the Williams Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to PALISADES for collection.

## X.  FACTS COMMON TO ALL PLAINTIFFS

46.    PALISADES collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using interstate commerce or the mails.

pds1361

47.    PALISADES is a leading purchaser and servicer of performing and non-performing consumer debt.

48.    PALISADES is a nationwide debt collection company that manages receivables on debts purchased for its own account, and on behalf of other credit grantors.

49.    In connection with its debt servicing operations, PALISADES sometimes outsources collection activities to other collection agencies.

50.    PALISADES is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

51.    Within the one year immediately preceding the filing of this complaint, PALISADES contacted each of the Plaintiffs via telephone in an attempt to collect their respective alleged debts.

52.    Within the one year immediately preceding the filing of this complaint, each of the Plaintiffs received at least one telephonic voice message on their home answering machines and/or cellular telephones ("Messages").

53.    Each of the Messages was left by persons employed by PALISADES in connection with their attempt to collect a "debt" as defined by 15 U.S.C. §1692a(5).

54.    Each of the Messages uniformly failed to:

(a)    Provide meaningful disclosure of PALISADES's identity as the caller;

pds1361

(b)     Disclose that the communication was from a debt collector; and

(c)     Disclose the purpose or nature of the communication (i.e., an attempt to collect a debt).

55.     Each of the Messages is a "communication" as defined by 15 U.S.C. § 1692a(2).

56.     An example of one such Message is transcribed as follows:

> This is not a sales call. Please call Palisades at 1-800-414-8319. We are open Monday through Friday, 8 a.m. through 8 p.m. Eastern Standard Time. We do need to hear from you as soon as possible. Again, that number is 1-800-414-8319. Thank you.

57.     Each of the Messages is false, deceptive, and misleading in that the natural consequence of these communications is to harass, oppress, or abuse the least sophisticated consumer and other persons in violation of the FDCPA.

58.     Each of the Messages is false, deceptive, and misleading insofar as PALISADES failed to give meaningful disclosure of its identity, disclose the purpose of its call, or disclose that PALISADES is a debt collector, thereby circumventing Congress's intent to permit the Plaintiffs to make an informed decision as to whether they wished to speak with a debt collector.

59.     The Plaintiffs are informed and believe, and on that basis allege, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United

pds1361

States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of PALISADES that are the subject of this complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by PALISADES and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

## XI.  FACTS CONCERNING WILLIAMS'S TCPA CLAIMS

60.   On multiple occasions over numerous days, all prior to the date this Complaint was filed, but sometime after four years prior to the date this Complaint was filed, PALISADES also contacted WILLIAMS on his cellular telephone via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1) ("TCPA Calls").

61.   WILLIAMS is informed and believes, and on that basis alleges, that during these TCPA Calls placed by PALISADES to his cellular telephone, PALISADES used "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227 (b)(1)(A).

62.   At all times relevant to this complaint, WILLIAMS'S telephone number, to which PALISADES placed its TCPA Calls, were assigned to a cellular telephone service for which WILLIAMS incurred charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1)(A)(iii).

pds1361

63.     The TCPA Calls placed by PALISADES to WILLIAMS constituted calls that were not for "emergency purposes" as contemplated by 47 U.S.C. § 227(b)(1)(A).

64.     All of the PALISADES artificial and prerecorded telephone messages left for WILLIAMS as a result of the TCPA Calls failed to state, at the beginning of the message, the identity of the business, individual, or other entity initiating the call.

65.     At no time did WILLIAMS ever provide PALISADES with "prior express consent" to make any calls to him on his cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice".

66.     An example of one such TCPA Call is transcribed as follows:

> This is not a sales call. Please call Palisades at 1-866-230-8075. We are open Monday through Friday, 8:00 a.m. through 8:00 p.m. and Saturday, 8:00 a.m. through 12:00 p.m. Eastern Standard Time. We do need to hear from you as soon as possible. Again, that number is 1-866-230-8075. Thank you.

67.     The TCPA Calls placed by PALISADES to WILLIAMS's cellular telephone were in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

## XII.  POLICIES AND PRACTICES COMPLAINED OF

68.    It is the Defendants' policy and practice to leave telephonic voice messages for consumers and other persons, such as the Messages, that uniformly fail to:

      (a)    Provide meaningful disclosure of PALISADES's identity as the caller;

      (b)    Disclose that the communication is from a debt collector; and

      (c)    Disclose the purpose or nature of the communication.

69.    On information and belief, the Messages, as alleged in this complaint under the Facts Common to All Plaintiffs, number at least in the thousands, all of which uniformly fail to:

      (a)    Provide meaningful disclosure of PALISADES's identity as the caller;

      (b)    Disclose that the communication is from a debt collector; and

      (c)    Disclose the purpose or nature of the communication.

70.    It is also PALISADES's policy and practice to make calls to cellular telephones, such as the TCPA Calls, for non-emergency purposes and without the prior express consent of the called party, using automatic telephone dialing systems and artificial or prerecorded voices all in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

pds1361

71.     On information and belief, the TCPA Calls, as alleged in this complaint under the Facts Concerning Williams's TCPA Claims, number at least in the thousands.

## XIII.  CLASS ALLEGATIONS

72.     This action is brought as a class action. Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

73.     The First Plaintiff Class consists of all persons with addresses in the United States of America who received a telephonic voice message from PALISADES left after one-year immediately preceding the commencement of this civil action up through and including the date of preliminary class certification, which message failed to meaningfully identify PALISADES as the caller, disclose that the communication was from a debt collector, or state the purpose or nature of the communication.

74.     The Second Plaintiff Class consists of all persons with addresses in the United States of America who received a call from PALISADES to their cellular telephone for non-emergency purposes and without the prior express consent of the called party wherein PALISADES used an automatic telephone dialing systems and artificial or prerecorded voices after four years immediately preceding the commencement of this civil action up through and including the date

pds1361

Page 17 of 30

of preliminary class certification.

75.    The identities of all class members are readily ascertainable from the records of PALISADES and those companies and governmental entities on whose behalf PALISADES attempts to collects debts or on whose behalf it places telephone calls in violation of the TCPA.

76.    Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors, and employees of PALISADES, Defendants, and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

77.    The class period is one year prior to the filing of the initial complaint in this action for all claims under the FDCPA and continues up to and including the date of preliminary class certification.

78.    The class period is four years prior to the filing of the initial complaint in this action for all claims under the TCPA and continues up to and including the date of preliminary class certification.

79.    WILLIAMS and members of the Second Plaintiff Class were harmed by the Defendants' violative acts in at least the following ways: (i) by illegally contacting WILLIAMS and the members of the Second Class via their cellular telephones causing them to incur certain cellular telephone charges or reduce the cellular telephone time for which they previously paid; (ii) by causing WILLIAMS

and the members of the Second Class to retrieve or administer illegal telephonic voice messages left by Defendants during those violative telephone calls; and (iii) by invading the privacy of WILLIAMS and the members of the Second Class.

80.    With respect to the First Plaintiff Class, there are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. Those principal issues are: whether the Defendants' telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 1692d(6) and 1692e(11).

81.    With respect to the Second Plaintiff Class, there are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. Those principal issues are:

(a)    Whether, within the four years prior to the filing of this Complaint,  Defendants made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service in violation of 47 U.S.C. § 227(b)(1)(A)(iii);

(b)    Whether WILLIAMS and members of the Second Plaintiff Class were damaged by the Defendants' violation of 47 U.S.C.

pds1361

(c)     Whether the Defendants should be enjoined from engaging in future conduct that violates 47 U.S.C. § 227(b)(1)(A)(iii).

82.    With respect to the Second Plaintiff Class, this lawsuit seeks only damages and injunctive relief for recovery of economic injury on behalf of WILLIAMS and the members of the Second Class.  This lawsuit is expressly not intended to request any recovery for personal injury claims related to Defendants' violations of the TCPA.  WILLIAMS reserves the right, however, to expand the Second Class definition to seek recovery on behalf of additional persons as warranted by facts that are learned through further investigation and discovery.

83.    For each Plaintiff Class defined in this Complaint, the respective Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

84.    The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this Complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

pds1361

85.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a)    **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the classes defined above are so numerous that joinder of all members would be impractical.

    (b)    **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issues are:

        (i)    Whether the Defendants' telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 1692d(6);

        (ii)    Whether the Defendants' telephonic voice messages, such as the  Messages, violate 15 U.S.C. §§ 1692e(11);

        (iii)    Whether, within the four years prior to the filing of this Complaint, Defendants made any call (other than a call made for emergency purposes or made with the prior express consent of the called party), such as the TCPA Calls, using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number

pds1361

Page 21 of 30

assigned to a cellular telephone service in violation of 47 U.S.C. § 227(b)(1)(A)(iii);

(iv)     Whether WILLIAMS and the members of Plaintiff Classes were damaged by the Defendants' violation of 47 U.S.C. § 227(b)(1)(A)(iii), and the extent of damages for such violations; and

(v)      Whether the Defendants should be enjoined from engaging in future conduct that violates 47 U.S.C. § 227(b)(1)(A)(iii).

(c)     **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d)     **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue

pds1361

the instant class action lawsuit.

(e)   **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. An important public interest will be served by addressing the matter as a class action, substantial expenses to the litigants and to the judicial system will be realized, and the potential inconsistent or contradictory adjudications will be avoided as contemplated by Rule 23(b)(1) of the Federal Rules of Civil Procedure.

86.   Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

(a)   The questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member; and

(b)   A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

pds1361

87.     Plaintiffs request certification of a hybrid class combining the elements of Rule 23(b)(2) for equitable relief and Rule 23(b)(3) for monetary damages.

## XIV.  FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## (AGAINST ALL DEFENDANTS)

88.     Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs of this Complaint.

89.     Defendants violated the FDCPA. Defendants' violations with respect to the Messages include, but are not limited to, the following:

(a)     Placing telephone calls without providing meaningful disclosure of PALISADES's identity as the caller in violation of 15 U.S.C. § 1692d(6).

(b)     Failing to disclose in its initial communication with the consumer that PALISADES is attempting to collect a debt and that any information obtained will be used for that purpose, which constitutes a violation of 15 U.S.C. § 1692e(11).

(c)     Failing to disclose in all oral communications that PALISADES is a debt collector in violation of 15 U.S.C. § 1692e(11).

pds1361

## XV.  SECOND CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(b)(1)(A)(iii) (BY WILLIAMS AGAINST ALL DEFENDANTS)

90.    Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs of this Complaint.

91.    The Defendants' foregoing acts and omissions constitute numerous and multiple negligent violations of the TCPA, including but not limited to 47 U.S.C. § 227(b)(1)(A)(iii).

92.    As a result of the Defendants' negligent violations of 47 U.S.C. § 227(b)(1)(A)(iii), WILLIAMS and the members of the Second Plaintiff Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B),(C).

93.    As a result of the Defendants' negligent violations of 47 U.S.C. § 227(b)(1)(A)(iii), WILLIAMS and the members of the Second Plaintiff Class are entitled to, and seek, injunctive relief pursuant to 47 U.S.C. § 227(b)(3)(A),(C) to enjoin Defendants from engaging in such violative conduct in the future.

pds1361

## XVI.  THIRD CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(b)(1)(A)(iii) (BY WILLIAMS AGAINST ALL DEFENDANTS)

94.    Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs of this Complaint.

95.    The Defendants' foregoing acts and omissions constitute numerous and multiple knowing and willful violations of the TCPA, including but not limited to 47 U.S.C. § 227(b)(1)(A)(iii).

96.    As a result of the Defendants' knowing and willful violations of 47 U.S.C. § 227(b)(1)(A)(iii), WILLIAMS and the members of the Second Plaintiff Class are entitled to an award of treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3),(B),(C).

97.    As a result of the Defendants' knowing and willful violations of 47 U.S.C. § 227(b)(1)(A)(iii), WILLIAMS and the members of the Second Plaintiff Class are entitled to, and seek, injunctive relief pursuant to 47 U.S.C. § 227(b)(3)(B),(C) to enjoin Defendants from engaging in such violative conduct in the future.

pds1361

## XVII.  PRAYER FOR RELIEF

98.    WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and in favor of the putative classes as follows:

A.    **For the FIRST CAUSE OF ACTION:**

(1)    An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiffs and the undersigned counsel to represent the First Class as previously set forth and defined above;

(2)    An award of the maximum statutory damages for the Plaintiffs and the First Class pursuant to 15 U.S.C. § 1692k(a)(B);

(3)    Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

(4)    For such other and further relief as may be just and proper.

B.    **For the SECOND CAUSE OF ACTION**:

(1)    An order certifying that the Second Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing WILLIAMS and undersigned counsel to represent the Second Plaintiff Class as previously set forth and defined above;

pds1361

(2)    An award of $500.00 in statutory damages for WILLIAMS and each member of the Second Plaintiff Class, as previously set forth and defined above, for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

(3)    Injunctive relief for WILLIAMS and the members of the Second Plaintiff Class pursuant to 47 U.S.C. § 227(b)(3)(A),(C) to enjoin the Defendants from engaging in future violations of 47 U.S.C. § 227(b)(1)(A)(iii) as complained of herein;

(4)    An award of costs and disbursements incurred by WILLIAMS and the Second Plaintiff Class in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs; and

(5)    For such other and further relief as the Court deems just and proper.

C.    **For the THIRD CAUSE OF ACTION**:

(1)    An order certifying that the Third Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing WILLIAMS and undersigned counsel to represent the Second Plaintiff Class as previously set forth and defined above.

(2)    An award of treble damages of up to $1,500.00, as provided by statute, for WILLIAMS and each member of the Second Plaintiff Class, as previously set forth and defined above, for each and every

pds1361

willful and/or knowing violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

(3)   Injunctive relief for WILLIAMS and the members of the Second Plaintiff Class pursuant to 47 U.S.C. § 227(b)(3)(A),(C) to enjoin the Defendants from engaging in future violations of 47 U.S.C. § 227(b)(1)(A)(iii) as complained of herein;

(4)   An award of costs and disbursements incurred by WILLIAMS and the Second Plaintiff Class in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs; and

(5)   For such other and further relief as the Court deems just and proper.

**WACKS & HARTMANN, LLC**
*/s/ Philip D. Stern*

Dated: October 21, 2008

PHILIP D. STERN, ESQ.
Attorneys for Plaintiffs, Robert Kahn, Silvana Seraji, Robert H. Gardner Jr., Robert H. Gardner Sr., Kyle Koch, Bradley Williams, and all others similarly situated

pds1361

Page 29 of 30

## XVIII.  DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE THAT Plaintiffs demand a trial by jury against

the Defendants, and each of them, for each cause of action so triable.

**WACKS & HARTMANN, LLC**

*/s/ Philip D. Stern*

Dated: October 21, 2008
PHILIP D. STERN, ESQ.
Attorneys for Plaintiffs, Robert Kahn, Silvana
Seraji, Robert H. Gardner Jr., Robert H. Gardner
Sr., Kyle Koch, Bradley Williams, and all others
similarly situated

pds1361