**Wacks & Hartmann, LLC**
Attorneys at Law
55 Madison Avenue, Suite 320A
Morristown, NJ 07960-7397
Telephone: (973) 644-0770
Attorneys for Plaintiffs, Robert Kahn, Silvana
Seraji, Robert H. Gardner Jr., Robert H.
Gardner Sr., Kyle Koch, Bradley Williams,
and all others similarly situated

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ROBERT KAHN, an individual;
SILVANA SERAJI, an individual;
ROBERT H. GARDNER JR., an
individual; ROBERT H. GARDNER
SR., an individual; KYLE KOCH, an
individual; BRADLEY WILLIAMS, an
individual; on behalf of themselves and
all others similarly situated,

      Plaintiffs,

vs.

PALISADES COLLECTION, LLC, a
Delaware Limited Liability Company;
and JOHN AND JANE DOES
NUMBERS 1 THROUGH 25, BEING
FICTITIOUS NAMES OF
UNIDENTIFIED PERSONS WHO
CONTROL THE POLICIES AND
PRACTICES INVOKED BY
PALISADES COLLECTION, LLC,

      Defendants.

Case No. 2:08-cv-05195-KSH-PS

**FIRST AMENDED
CLASS ACTION COMPLAINT**

pds1361

Plaintiffs, ROBERT KAHN, SILVANA SERAJI, ROBERT H. GARDNER JR., ROBERT H. GARDNER SR., KYLE KOCH, and BRADLEY WILLIAMS, on behalf of themselves and all others similarly situated, by way of this First Amended Class Action Complaint against the Defendants, say:

## I. PARTIES

1. KAHN is a natural person.

2. At all times relevant to this complaint, KAHN resided in the Township of Union, Union County, New Jersey.

3. SERAJI is a natural person.

4. At all times relevant to this complaint, SERAJI resided in the Borough of Sayreville, Middlesex County, New Jersey.

5. GARDNER JR. is a natural person.

6. At all times relevant to this complaint, GARDNER JR. resided in the City of Phoenix, Maricopa County, Arizona.

7. GARDNER SR. was a natural person. GARDNER SR. passed away in March 2009 and his interest in the claims asserted in this Amended Complaint are being asserted through his heir at law, GARDNER JR. A personal representative of the estate of GARDNER SR. has not been appointed at this time; the heirs at law are GARDNER JR. and his sister.

8. At all times relevant to this complaint, GARDNER SR. resided in the

pds1361

City of Phoenix, Maricopa County, Arizona.

9.     KOCH is a natural person.

10.    At all times relevant to this complaint, KOCH resided in the Township of Pattersonville, Franklin County, New York.

11.    WILLIAMS is a natural person.

12.    At all times relevant to this complaint, WILLIAMS resided in the Town of Pendleton, Anderson County, North Carolina.

13.    At all times relevant to this complaint, PALISADES COLLECTION, LLC is a for-profit limited liability company existing pursuant to the laws of the State of Delaware. PALISADES maintains its principal business address at 210 Sylvan Avenue, Borough of Englewood Cliffs, Bergen County, New Jersey.

14.    Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiffs. Plaintiffs will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

## II. JURISDICTION & VENUE

15.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

16.    Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

pds1361

17.     Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiffs' claims occurred within this federal judicial district, and because the Defendants reside in the State of New Jersey within the meaning of 28 U.S.C. § 1391(b) and (c).

### III. PRELIMINARY STATEMENT

18.     Plaintiffs, on their own behalf and on behalf of the class they seek to represent, and demanding a trial by jury, bring this action for the illegal practices of the Defendants who used false, deceptive and misleading practices, and other illegal practices, in connection with their attempts to collect alleged debts from the Plaintiffs and others. The Plaintiffs allege that the Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").

19.     Such practices include, *inter alia*:

(a)     Leaving telephonic voice messages for consumers, which fail to provide meaningful disclosure of Defendants' identity;

(b)     Leaving telephonic voice messages for consumers, which fail to disclose that the call is from a debt collector; and

(c)     Leaving telephonic voice messages for consumers, which fail to disclose the purpose or nature of the communication (i.e. an attempt to collect a debt).

pds1361

20.    The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

21.    The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Third Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Graziano v. Harrison,* 950 F.2d 107, 111, fn5 (3d Cir. 1991).

22.    To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain *per se* violations of harassing and abusive collection conduct. 15 U.S.C. §

pds1361

1692d(1)-(6). Among the *per se* violations is the placement of telephone calls without meaningful disclosure of the caller's identity, 15 U.S.C. § 1692d(6).

23.     To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent oral communications with consumers that the communication is from a debt collector, 15 U.S.C. § 1692e(11).

24.     The Plaintiffs, on behalf of themselves and all others similarly situated, seek statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes. The Plaintiffs, on behalf of themselves and all others similarly situated, request that they and the class members be awarded statutory, common law, or actual damages payable by the Defendants.

## IV. FACTS REGARDING KAHN

25.     Sometime prior to September 2008, KAHN allegedly incurred a financial obligation ("Kahn Obligation").

26.     The Kahn Obligation arose out of a transaction in which the money,

pds1361

property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

27.     Defendants contend that the Kahn Obligation is in default.

28.     The alleged Kahn Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

29.     KAHN is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

30.     KAHN is informed and believes, and on that basis alleges, that sometime prior to September 2008, the creditor of the Kahn Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to PALISADES for collection.

## V. FACTS REGARDING SERAJI

31.     Sometime prior to June 2008, SERAJI allegedly incurred a financial obligation ("Seraji Obligation").

32.     The Seraji Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

33.     Defendants contend that the Seraji Obligation is in default.

34.     The alleged Seraji Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

35.     SERAJI is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

36.     SERAJI is informed and believes, and on that basis alleges, that sometime prior to June 2008, the creditor of the Seraji Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to PALISADES for collection.

## VI. FACTS REGARDING GARDNER JR.

37.     GARDNER JR. is informed and believes that sometime prior to October 2007, he allegedly incurred a financial obligation ("Gardner Jr. Obligation").

38.     The Gardner Jr. Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

39.     Defendants contend that the Gardner Jr. Obligation is in default.

40.     The alleged Gardner Jr. Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

41.     GARDNER JR. is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

42.     GARDNER JR. is informed and believes, and on that basis alleges, that sometime prior to October 2007, the creditor of the Gardner Jr. Obligation

either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to PALISADES for collection.

## VII. FACTS REGARDING GARDNER SR.

43.     GARDNER SR. is informed and believes that sometime prior to October 2007, he allegedly incurred a financial obligation ("Gardner Sr. Obligation").

44.     The Gardner Sr. Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

45.     Defendants contend that the Gardner Sr. Obligation is in default.

46.     The alleged Gardner Sr. Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

47.     GARDNER SR. is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

48.     GARDNER SR. is informed and believes, and on that basis alleges, that sometime prior to October 2007, the creditor of the Gardner Sr. Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to PALISADES for collection.

## VIII. FACTS REGARDING KOCH

49.     Sometime prior to December 2007, KOCH allegedly incurred a

pds1361

financial obligation ("Koch Obligation").

50.   The Koch Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

51.   Defendants contend that the Koch Obligation is in default.

52.   The alleged Koch Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

53.   KOCH is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

54.   KOCH is informed and believes, and on that basis alleges, that sometime prior to December 2007, the creditor of the Koch Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to PALISADES for collection.

## IX. FACTS REGARDING WILLIAMS

55.   Sometime prior to July 2008, WILLIAMS allegedly incurred a financial obligation ("Williams Obligation").

56.   The Williams Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

57.   Defendants contend that the Williams Obligation is in default.

pds1361

58.     The alleged Williams Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

59.     WILLIAMS is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

60.     WILLIAMS is informed and believes, and on that basis alleges, that sometime prior to July 2008, the creditor of the Williams Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to PALISADES for collection.

## X. FACTS COMMON TO ALL PLAINTIFFS

61.     PALISADES collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using interstate commerce or the mails.

62.     PALISADES is a leading purchaser and servicer of performing and non-performing consumer debt.

63.     PALISADES is a nationwide debt collection company that manages receivables on debts purchased for its own account, its parent company, and on behalf of other credit grantors.

64.     In connection with its debt servicing operations, PALISADES sometimes outsources collection activities to other collection agencies.

65.     PALISADES is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

pds1361

66.    Within the one year immediately preceding the filing of this complaint, PALISADES contacted each of the Plaintiffs via telephone in an attempt to collect their respective alleged debts.

67.    Within the one year immediately preceding the filing of this complaint, each of the Plaintiffs received at least one telephonic voice message on their home answering machines and/or cellular telephones ("Messages").

68.    Each of the Messages was left by, or caused to be left by, persons employed by PALISADES in connection with their attempt to collect a "debt" as defined by 15 U.S.C. §1692a(5).

69.    An example of one such Message is transcribed as follows:

> This is not a sales call. Please call Palisades at 1-800-414-8319. We are open Monday through Friday, 8 a.m. through 8 p.m. Eastern Standard Time. We do need to hear from you as soon as possible. Again, that number is 1-800-414-8319. Thank you.

70.    Each of the Messages is a "communication" as defined by 15 U.S.C. § 1692a(2).

71.    Each of the Messages failed to identify PALISADES by its full name.

72.    Each of the Messages failed to provide meaningful disclosure of PALISADES's identity as the caller.

73.    Each of the Messages failed to disclose that the communication was from a debt collector.

pds1361

74.     Each of the Messages failed to disclose the purpose or nature of the communication – namely, that it was in an attempt to collect a debt.

75.     Each of the Messages is false, deceptive, and misleading in that the natural consequence of these communications is to harass, oppress, or abuse the least sophisticated consumer and other persons in violation of the FDCPA.

76.     Each of the Messages is false, deceptive, and misleading insofar as PALISADES failed to give meaningful disclosure of its identity, disclose the purpose of its call, or disclose that PALISADES is a debt collector, thereby circumventing Congress's intent to permit the Plaintiffs to make an informed decision as to whether they wished to speak with a debt collector.

77.     The Plaintiffs are informed and believe, and on that basis allege, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of PALISADES that are the subject of this complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by PALISADES and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

pds1361

## XI. POLICIES AND PRACTICES COMPLAINED OF

78.    It is the Defendants' policy and practice to leave telephonic voice messages for consumers and other persons, such as the Messages, that uniformly fail to:

  (a)    Provide meaningful disclosure of PALISADES's identity as the caller;

  (b)    Disclose that the communication is from a debt collector; and

  (c)    Disclose the purpose or nature of the communication.

79.    On information and belief, the Messages, as alleged in this complaint under the Facts Common to All Plaintiffs, number at least in the thousands, all of which uniformly fail to:

  (a)    Provide meaningful disclosure of PALISADES's identity as the caller;

  (b)    Disclose that the communication is from a debt collector; and

  (c)    Disclose the purpose or nature of the communication.

## XII. CLASS ALLEGATIONS

80.    This action is brought as a class action. Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated pursuant

pds1361

to Rule 23 of the Federal Rules of Civil Procedure.

81.    The Plaintiff Class consists of all persons with addresses in the United States of America who received a telephonic voice message from PALISADES left after one-year immediately preceding the commencement of this civil action up through and including the date of preliminary class certification, which message failed to meaningfully identify PALISADES as the caller, disclose that the communication was from a debt collector, or state the purpose or nature of the communication.

82.    The identities of all class members are readily ascertainable from the records of PALISADES and those companies and governmental entities on whose behalf PALISADES attempts to collects debts.

83.    Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of PALISADES, Defendants, and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

84.    The class period is one year prior to the filing of the initial complaint in this action and continues up to and including the date of preliminary class certification.

85.    There are questions of law and fact common to the class, which

pds1361

common issues predominate over any issues involving only individual class members. Those principal issues are: whether the Defendants' telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 1692d(6) and 1692e(11).

86.    The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

87.    The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Class defined in this Complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

88.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)    **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

(b)    **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendants'

pds1361

telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 1692d(6) and 1692e(11).

(c)     **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d)     **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e)     **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that

pds1361

individual actions would engender. An important public interest will be served by addressing the matter as a class action, substantial expenses to the litigants and to the judicial system will be realized, and the potential inconsistent or contradictory adjudications will be avoided as contemplated by Rule 23(b)(1) of the Federal Rules of Civil Procedure.

89.     Certification of a class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for PALISADES which, on information and belief, collects debts throughout the United States of America.

90.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that Messages violate 15 U.S.C. §1692d(6) and/or §1692e(11) is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

91.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and

efficient adjudication of the controversy.

## XIII. FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## (AGAINST ALL DEFENDANTS)

92.     Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs of this Complaint.

93.     Defendants violated the FDCPA. Defendants' violations with respect to the Messages include, but are not limited to, the following:

(a)     Placing telephone calls without providing meaningful disclosure of PALISADES's identity as the caller in violation of 15 U.S.C. § 1692d(6);

(b)     Leaving telephonic voice messages which fail to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt) in violation of 15 U.S.C. § 1692d(6); and

(c)     Failing to disclose in all oral communications that PALISADES is a "debt collector" in violation of 15 U.S.C. § 1692e(11).

## XIV. PRAYER FOR RELIEF

94.     WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and in favor of the Plaintiff Class as follows:

A.     **For the FIRST CAUSE OF ACTION:**

pds1361

(1)    An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiffs and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above;

(2)    An award of the maximum statutory damages for the Plaintiffs and the Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(B);

(3)    Declaratory relief adjudicating that the Defendants' telephone messages violate the FDCPA pursuant to 28 U.S.C. §§ 2201, 2202;

(4)    Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

(5)    For such other and further relief as may be just and proper.

**WACKS & HARTMANN, LLC**

Dated: April 18, 2009                    */s/ Philip D. Stern*
                                        PHILIP D. STERN
                          Attorneys for Plaintiffs, Robert Kahn, Silvana
                          Seraji, Robert H. Gardner Jr., Robert H. Gardner
                          Sr., Kyle Koch, Bradley Williams, and all others
                                        similarly situated

pds1361