**Wacks & Hartmann, LLC**
Attorneys at Law
55 Madison Avenue, Suite 320A
Morristown, NJ 07960-7397
(973) 644-0770
Attorney of record: Philip D. Stern
Attorneys for Plaintiffs, Robert Kahn, Silvana Seraji, Robert H. Gardner Jr., Robert H. Gardner Sr., Kyle Koch, Bradley Williams, and all others similarly situated

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT KAHN, an individual; SILVANA SERAJI, an individual; ROBERT H. GARDNER JR., an individual; ROBERT H. GARDNER SR., an individual; KYLE KOCH, an individual; BRADLEY WILLIAMS, an individual; on behalf of themselves and all others similarly situated, <br><br>             Plaintiffs, <br><br>     vs. <br><br> PALISADES COLLECTION, LLC, a Delaware Limited Liability Company; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25, BEING FICTITIOUS NAMES OF UNIDENTIFIED PERSONS WHO CONTROL THE POLICIES AND PRACTICES INVOKED BY PALISADES COLLECTION, LLC, <br><br>             Defendants. | Case 2:08-cv-05195-KSH-PS <br><br><br><br> **NOTICE OF ACCEPTANCE** <br> (OF RULE 68 OFFER OF JUDGMENT) |

pds1361

Pursuant to Fed.R.Civ.P. 68, Plaintiffs, by and through their attorney, Philip D. Stern, Esq. of Wacks and Hartmann, LLC, Morristown, New Jersey, give notice accepting the Offer of Judgment ("Offer"), a true copy of which is attached to this Notice of Acceptance.

|  |  |
|---|---|
| Dated: September 8, 2009 | Wacks & Hartmann, LLC<br>*s/ Philip D. Stern*<br>Philip D. Stern |

**BARRON, NEWBURGER & SINSLEY, PLLC**

**Manuel H. Newburger**

Board Certified in Consumer and Commercial
Law by the Texas Board of Legal Specialization

Tel. 512-476-9103 Ext. 216  |  E-Mail: mnewburger@bnswlaw.com

Texas

Florida

New York

August 27, 2009

Mr. Philip D. Stern
Wacks & Hartmann, LLC
55 Madison Avenue, Suite 320A
Morristown, NJ 07960-7397
Fax: (973) 532-0866

Re: *Robert Kahn, et al. v. Palisades Collection, LLC*; Civil Action No. 2:08-cv-05195-KSH-PS in the United States District Court for the District of New Jersey

Dear Mr. Stern:

As you know, I am one of the attorneys for Palisades Collection, LLC in the above-referenced case. The purpose of this letter is to convey to you and your clients an offer of judgment pursuant to Fed. R. Civ. P. 68.

I want to begin by acknowledging that an individual Rule 68 offer cannot "pick off" a class representative; therefore, my client does not assert that this offer either prevents your clients from attempting to serve as class representatives, nor does it assert that this offer moots the case or deprives the Court of Article III jurisdiction. However, we believe that for a number of reasons this case should not and cannot be certified as a class action. Should the Court agree then your clients will not be entitled to more than individual relief. Such individual relief would be limited to $1,000 in statutory damages, regardless of the number of alleged violations. *See* 15 U.S.C. § 1692k(a); *Harper v. Better Bus. Servs., Inc.*, 961 F2d 1561 (11th Cir. 1992); *Wright v. Finance Serv. of Norwalk*, 22 F3d 647 (6th Cir. 1994).

This case involves what I would characterize as a technical violation of the FDCPA. The plaintiffs do not assert, nor do I believe that they could credibly assert a claim for actual damages for themselves or the class. I acknowledge and appreciate your honesty in not asserting a frivolous claim for actual damages. However, not only is $1,000 the maximum claim that each plaintiff can assert individually, but in the case of technical violations I would assert that the maximum relief is not appropriate. For example, in *Sparkman v. Zwicker*, an EDNY case that I handled, not only did Judge Gershon refuse to certify a class but she also



Mr. Philip D. Stern
August 27, 2009
Page 2

---

awarded only $750.00 in statutory damages, even though she had summarily ruled that the letter in question violated the FDCPA.

We are about to head into some very expensive and time-consuming depositions. Those depositions are being taken solely because this suit was filed as a class action. This offer is intended to cap my client's liability for fees and costs from this date forward and to ensure that the plaintiffs are responsible for costs from this date forward in the event that: (a) certification is denied; **and** (b) the plaintiffs do not do better than the offer.

Pursuant to Fed. R. Civ. P. 68 Defendant Palisades Collection, LLC hereby offers to allow judgment to be taken against it in the amount of $1,000.00 each for the named plaintiffs, together with reasonable fees and costs through this date. If we are unable to reach an agreement as to fees my client will agree to submit the issue of fees to the Court and to pay reasonable fees in the amount awarded by the Court both through this date and in connection with the fee dispute. What Palisades is not offering is to pay or be subject to a judgment for the fees that you incur after this date on issues unrelated to this offer of judgment such as ongoing discovery, certification, *etc.* This offer is made to the plaintiffs solely in their individual capacities, and is subject to dismissal of all class claims without prejudice to the rights of the putative class members.

This offer is made without any admission of liability, as all liability is denied in this case, and this offer is being made solely to avoid the substantial discovery costs that the parties are about to incur. *See Delta Air Lines, Inc. v. August*, 450 U.S. 346, 101 S.Ct. 1146, 1150, 67 L.Ed.2d 287 (1981) *Mite v. Falstaff Brewing Corp.*, 106 F.R.D. 434 (N.D.Ill. 1985), allowing an offer of judgment to deny liability.

Thank you for your attention to this matter.

Yours truly,

BARRON, NEWBURGER & SINSLEY, PLLC

Manuel H. Newburger

MHN/n